JS 44   (Rev. 11/04)                    CIVIL COVER SHEET                    APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS
S.B. and N.B. as Parents and Natural Guardians of M.B.

### DEFENDANTS
City of Philadelphia, Department of Human Services;
PSI Services, Inc.; County of Delaware; and Children and Youth
Services of Delaware County

(b)   County of Residence of First Listed Plaintiff   Delaware
      (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia
      (IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
       LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)
Shaffer & Gaier, LLC
1617 JFK Blvd., Ste. 946, Philadelphia, PA 19103
(215) 751-0100

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

X 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
                                         and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | X 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

X 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause:
Civil Rights

## VII. REQUESTED IN   COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S)   IF ANY
(See instructions):

JUDGE                              DOCKET NUMBER

DATE
1-5-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:___7TH Third Street, Fernwood, PA 19050

Address of Defendant:__MULTIPLE DEFENDANTS - SEE ATTACHED

Place of Accident, Incident or Transaction:_____PHILADELPHIA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐   No X

Does this case involve multidistrict litigation possibilities? Yes☐   No X
*RELATED CASE, IF ANY:*

Case Number:_____ Judge_____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,___Michael D. Shaffer, Esquire_____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _1.5.07_                 Attorney-at-Law                 60191
                                                               Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____             Attorney-at-Law             Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re:  S.B. and N.B. as Parents and Natural Guardians of M.B. vs. City of Philadelphia, Dept.
Of Human Services, et al.

### List of Defendant Addresses

City of Philadelphia, Department of Human Services
1515 Arch Street
Philadelphia PA 19103

and

PSI Services, Inc.
7101 Wisconsin Avenue
#1400
Bethesda, MD 20814-4864

and

County of Delaware
201 West Trenton Street
Media, PA 19063

and

Children and Youth Services of Delaware County
201 West Trenton Street
Media, PA 19063

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| S.B. and N.B. as Parents and Natural | : | CIVIL ACTION |
| Guardians of M.B. | : | |
| v. | : | |
| City of Philadelphia, Department of Human | : | |
| Services, PSI Services, Inc., County of | : | NO. |
| Delaware and Children and Youth Services of | : | |
| Delaware County | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 1-5-07 | | Plaintiffs |
| Date | Attorney-at-law | Attorney for |
| (215) 751-0100 | (215) 751-0723 | mshaffer@shaffergaier.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT                                      **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:____7TH Third Street, Fernwood, PA 19050_____

Address of Defendant:____MULTIPLE DEFENDANTS - SEE ATTACHED_____

Place of Accident, Incident or Transaction:_____PHILADELPHIA_____
                                         *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).        Yes☐  No X

Does this case involve multidistrict litigation possibilities?                                     Yes☐  No X
*RELATED CASE, IF ANY:*

Case Number:_____Judge_____Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                        Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*                          B. *Diversity Jurisdiction Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts     1. ☐ Insurance Contract and Other Contracts

2. ☐ FELA                                             2. ☐ Airplane Personal Injury

3. ☐ Jones Act-Personal Injury                        3. ☐ Assault, Defamation

4. ☐ Antitrust                                        4. ☐ Marine Personal Injury

5. ☐ Patent                                           5. ☐ Motor Vehicle Personal Injury

6. ☐ Labor-Management Relations                       6. ☐ Other Personal Injury (Please specify)

7. X Civil Rights                                     7. ☐ Products Liability

8. ☐ Habeas Corpus                                    8. ☐ Products Liability — Asbestos

9. ☐ Securities Act(s) Cases                          9. ☐ All other Diversity Cases

10. ☐ Social Security Review Cases                       (Please specify)

11. ☐ All other Federal Question Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,___Michael D. Shaffer, Esquire_____, counsel of record do hereby certify:

   X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐  Relief other than monetary damages is sought.

DATE:____1/5/07_____        _____        ____60191____
                                      Attorney-at-Law                   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:_____        _____        _____
                                      Attorney-at-Law                   Attorney I.D.#

CIV. 609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| S.B. and N.B | : | |
| as Parents and Natural Guardians of | : | |
| M.B. | : | |
| 7th Third Street | : | |
| Fernwood, PA 19050 | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | NO. |
| | : | |
| CITY OF PHILADELPHIA | : | |
| DEPARTMENT OF | : | |
| HUMAN SERVICES | : | |
| 1515 Arch Street | : | |
| Philadelphia PA 19103 | : | |
| | : | |
| and | : | |
| | : | |
| PSI SERVICES, INC. | : | |
| 7101 Wisconsin Avenue | : | |
| #1400 | : | |
| Bethesda, MD 20814-4864 | : | |
| | : | |
| and | : | |
| | : | |
| COUNTY OF DELAWARE | : | |
| 201 West Trenton Street | : | |
| Media, PA 19063 | : | |
| | : | |
| and | : | |
| | : | |
| CHILDREN AND YOUTH SERVICES | : | |
| OF DELAWARE COUNTY | : | |
| 201 West Trenton Street | : | |
| Media, PA 19063 | : | |
| Defendants. | : | |

---

## COMPLAINT

Plaintiffs, S.B. and N.B parents and natural guardians of M.B, by through their attorneys,

hereby makes this claim against the Defendants as follows:

## PARTIES

1.     Plaintiffs, S. B. and N.B , are the parents and natural guardians of M.B.  MB resides at 7th Third Street, Fernwood, PA 19050.  This complaint is being filed with an anonymous designation of the injured party and her natural parents in order to protect their privacy interests particularly the minor M.B who was physically, emotionally and sexually abused and assaulted as a result of the defendants conduct as alleged herein.

2.     Defendant, City of Philadelphia, is a municipal corporation of the Commonwealth of Pennsylvania with offices located at 1515 Arch Street Philadelphia PA 19102.  This Defendant provided social services to children in Philadelphia though its Department of Human Services (hereinafter DHS).

3.     The Philadelphia Department of Human Services is an agency of the City of Philadelphia with offices located at 1515 Arch Street, Philadelphia, PA 19102.

4.     Defendant, County of Delaware is a municipal corporation and/or political subdivision in the Commonwealth of Pennsylvania with principle offices located at 201 West Front Street, Media PA.

5.     Children and Youth Services of Delaware County is an agency of Delaware County with a principle place of business at 201 West Front Street, Media PA.

6.     Defendant, PSI Services, Inc. ("PSI") is a Maryland corporation, partnership and or business entity with a principle place of business located at 7101 Wisconsin Avenue, #1400, Bethesda, MD 20814-4864.  PSI contracts with governmental agencies to provide certain social services throughout Philadelphia and Delaware County.

2

7.    At all times material hereto, the various agents, servants and/or employees of the defendants were acting under color of state law, within the course and scope of their employment, and in furtherance of and pursuant to defendants' official policies.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this claim pursuant to 28 U.S.C.A. §1331 as this matter involves a Federal question, namely Plaintiffs' civil rights as protected and guaranteed by the United States Constitution.

9.    Venue is proper in the Eastern District of Pennsylvania as Plaintiff/parents and the minor child, MB,  reside in this district, defendants regularly conduct business with this district and the actions of the defendants giving rise to this Complaint occurred within the district.

## FACTUAL BACKGROUND

10.    MB was born on October 26, 1990.

11.    MB was taken from her home and out of the custody of her natural parents SB and NB by the Delaware County, Children and Youth Services of Delaware County, City of Philadelphia and/or DHS and placed into a foster home.

12.    MB was placed into two foster homes in Philadelphia.

13.    While at the foster homes, Robert Heath, her foster brother  was also residing at the foster homes.

14.    While she lived in the foster homes, Robert Heath raped MB on several occasions.

15.    MB was also molested by Robert Heath and forced her to perform oral and vaginal sex.

16.    MB was raped and sexually assaulted in both foster homes.

3

17.   In addition to the sexual assaults, MB was also physically and emotionally abused while in the foster homes.

18.   The Defendants, failed to monitor and/or supervise the foster homes that led to the abuse, assault and damages to MB.

19.   The defendants conduct as stated herein was a violation of MB's Civil Rights as afforded and protected by the United States Constitution, Pennsylvania Constitution and /or federal, state, and/or local laws and regulations.

20.   The defendants' conduct, as stated herein, was a state-created danger causing MB to be deprived of her Civil Rights as afforded and protected by the United States Constitution, Pennsylvania Constitution and /or federal, state, and/or local laws and regulations.

21.   Defendants had a policy or custom that caused the aforesaid violations by the defendants that directly caused the state created danger.

22.   Moreover, the defendant had a policy or custom that caused MB to be deprived of her Civil Rights afforded and protected by the United States Constitution, Pennsylvania Constitution and /or federal, state, and/or local laws and regulations.

23.   As a result of the Defendant actions stated herein, MB sustained serious and painful injuries and mental anguish, the extent of which are not fully known.

24.   As a result Defendants' actions, MB has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of her injuries, any and all of which may continue to her great financial loss and detriment.

25.   Further, MB has suffered a loss and diminution of her ability to enjoy the pleasures of life to her great detriment and loss.

4

26.     The actions of Defendants as set forth above were intentional, willful, malicious,

wanton, reckless, oppressive, and/or outrageous entitling MB to an award of punitive damages.

## COUNT I
### Plaintiff vs. Defendants
### 42 U.S.C.A. § 1983

27.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

28.     The Defendants, acted, at all times material hereto, through its agents and

employees.

29.     At all times material hereto, defendants were "persons" under 42 U.S.C.A. §

1983.

30.     At all times material hereto, defendants were acting under color of state law under

42 U.S.C.A § 1983.

31.     At all times material hereto, the City of Philadelphia and/or Delaware County

established formal procedures or a working relationship with PSI giving PSI official

governmental powers.

32.     Defendants, while acting under color of state law, unlawfully, intentionally,

unreasonably maliciously, with deliberate indifference  and /or with reckless indifference to

MB's rights violated 42 U.S.C.A § 1983 and deprived her of her rights guaranteed under the

Constitution of the United States, Constitution of the Commonwealth of Pennsylvania causing

the aforementioned injuries by acting as follows:

a.      Having a pattern, custom or policy that resulted in their failure to investigate the
        suitability and fitness of MB's foster home(s);

b.      Having a pattern, custom or policy that resulted in their failure to maintain proper
        and reasonable supervision and inspection of the foster home(s) where MB was

5

placed;

c.    Having a pattern, custom or policy that resulted in the placement of MB in a foster home(s) when they knew or should have known that the foster home(s) was unfit and improper for MB's placement therein;

d.    Having a pattern, custom or policy that resulted in their failure to properly train and/or establish proper training procedures for their employees and agents;

e.    Having a pattern, custom or policy that resulted in their failure to exercise proper care and supervision over the foster home(s) and/or failing to establish proper monitoring and supervision policies for their employees and agents;

f.    having a pattern, custom or policy that resulted in their failure to devise and implement effective procedure protocol techniques methods and means for assessing the propriety of placement such as MB in the foster home(s);

g.    Having a pattern, custom or policy that resulted in the failure to devise and implement effective procedures protocol and techniques and methods and means for ongoing supervision of placement of MB in the foster home;

h.    Having a pattern, custom or policy that resulted in their failure to maintain and support policies and procedures to follow and or enforce federal state and local rules statutes and regulations regarding the placement of persons such as MB in foster homes;

i.    Having a pattern, custom or policy that resulted in the failure to adequately train manage and or supervise their agents, employees, ostensible agents, apparent agents, to ensure a reasonable standard of care for the health safety and welfare of MB and persons similarly situated;

j.    Having a pattern, custom or policy that resulted in their failure to have policies and procedure to ensure that MB and persons similarly situated would not be injured through sexual, physical and emotional abuse;

k.    Having a pattern, custom or practice that resulted in their failure to investigate other persons in the foster home(s) that caused harm to MB through sexual, physical and emotional abuse.

33.    The harm and damages cause to MB was a foreseeable and direct consequences of the actions and omissions of defendants as described above.

6

**WHEREFORE,** Plaintiffs respectfully demand the following relief against Defendants:

    (a)    compensatory damages in excess of the jurisdictional limits of Arbitration;

    (b)    punitive damages;

    (c)    pre-judgment interest, post-judgment interest, court costs and fees; and

    (d)    other further relief as this Court may deem just and proper.

## COUNT II
### Plaintiffs vs. PSI Services, Inc.
### Negligence

34.    Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein.

35.    PSI, had the duty and authority to observe and supervise the placement of MB into the foster home(s) to ensure that she was safe.

36.    PSI was negligent careless and unreasonable in the performance of their duties and responsibilities as follows:

    a.    failing to investigate the suitability and fitness of MB's foster home(s);

    b.    failing to maintain proper and reasonable supervision and inspection of the foster home(s) where MB was placed;

    c.    placing  MB in a foster home(s) when they knew or should have known that the foster home(s) was unfit and improper for MB placement therein.

    d.    failing to properly train and/or establish proper training procedures for their employees and agents.

    e.    failing to exercise proper care and supervision over the foster home(s) and/or failing to establish proper monitoring and supervision policies for their employees and agents.

    f.    failing to devise and implement effective procedure protocol techniques methods and means for assessing the propriety of placement such as MB

7

in the foster home(s).

g.   failing to devise and implement effective procedures protocol and techniques and methods and means for ongoing supervision of placement of MB in the foster home.

h.   failing to maintain and support policies and procedures to follow and or enforce federal state and local rules statutes and regulations regarding the placement of persons such as MB in foster homes.

i.   failing to adequately train manage and or supervise their agents, employees, ostensible agents, apparent agents to ensure a reasonable standard of care for the health safety and welfare of MB and persons similarly situated.

j.   failing to have policies and procedure to ensure that MB and persons similarly situated would not be injured through sexual, physical and emotional abuse.

k.   failing to investigate other persons in the foster home(s), including but not limited to the failure to conduct proper background checks, that caused harm to MB through sexual, physical and emotional abuse.

l.   failing to investigate and determine who was living in the foster homes.

37.   The harm and damages cause to MB was a foreseeable and direct consequences of the actions and omissions of defendants as described above.

WHEREFORE, Plaintiffs respectfully demand the following relief against Defendants:

(a)   compensatory damages in excess of the jurisdictional limits of Arbitration,

(b)   punitive damages,

(c)   pre-judgment interest, post-judgment interest, court costs and fees, and

(d)   other further relief as this Court may deem just and proper.

MICHAEL D. SHAFFER, ESQUIRE
Attorney for Plaintiffs

8